If the controversy in this case rested on the question whether the complainant's or the defendant's execution was best, no doubt could be entertained but that the preference should be given to the complainants; but the controversy really is between complainant's execution and the mortgage made to Muse.
The property conveyed by the mortgage and levied on by complainant's execution was part of the estate of Shannonhouse, deceased, an undivided part of which William Shaw, in right of his wife, was entitled to; but atthat time it could not be levied upon by an execution against Shaw; it was not recoverable except in a court of equity; no legal title vested in Shaw until the assent of the executor. But it was competent for Shaw to make such a disposition of it while in that situation as would bind it; he has done so; he has mortgaged it to *Page 274 
secure the payment of a debt due by him, so that, as it was not the subject of levy by execution, but was legally conveyed to Muse by mortgage. The present bill, brought to make Muse account for the proceeds of the sale made by consent, must be
PER CURIAM. Dismissed.
Cited: Burch v. Clark, 32 N.C. 173.
(486)